JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

APR 14 1986

PATRICIA D. HOWARD
CLERK OF THE PANEL

DOCKET NO. 685

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE MONTGOMERY WARD CATALOG SALES AGENCY LITIGATION

TRANSFER ORDER*

This litigation presently consists of fourteen actions pending in eleven districts as follows:

| | |
|---|---|
| Northern District of California | 3 actions |
| Eastern District of Pennsylvania | 2 actions |
| Western District of Arkansas | 1 action |
| Eastern District of Michigan | 1 action |
| District of Montana | 1 action |
| District of Nebraska | 1 action |
| District of New Jersey | 1 action |
| Western District of New York | 1 action |
| Western District of Oklahoma | 1 action |
| Eastern District of Washington | 1 action |
| Eastern District of Wisconsin | 1 action |

Before the Panel is a motion under 28 U.S.C. §1407, as amended, brought by defendants Montgomery Ward and Company (Ward) and its parent, Mobil Corporation, seeking centralization of the actions in the Eastern District of Pennsylvania. Plaintiffs in three of four purported class actions and in two other actions support centralization. Plaintiffs in seven of the remaining nine actions oppose centralization. Transferee forums suggested by parties other than Mobil and Ward in the event the Panel orders centralization are the Northern District of California, the Western District of Oklahoma and the Eastern District of Michigan.

On the basis of the papers filed and the hearing held, the Panel finds that these fourteen actions involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Pennsylvania will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions involve claims arising out of Ward's discontinuance of its catalog sales operation, and all plaintiffs (various Ward catalog sales agents) allege fraud, breach of contract and/or violation of state franchise laws in connection therewith. Centralization is thus necessary in order to avoid duplication of discovery, prevent inconsistent pretrial rulings (including rulings on

_____

* Judge Milton Pollack recused himself and took no part in the decision of this matter.

Case MDL No. 685   Document 2   Filed 06/11/15   Page 2 of 3

-2-

class certification requests), and conserve the resources of the parties, their counsel and the judiciary. While objections have been raised that certain constituent actions will focus on matters unique to those actions, that voluntary cooperation is a suitable alternative to transfer, or that transfer will be economically burdensome on some parties, we find that these are not grounds for denying centralization. We point out that transfer under Section 1407 will have the salutary effect of placing fourteen actions presently pending in nine districts before a single judge who can formulate a pretrial program that: 1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, In re Joseph F. Smith Patent Litigation, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976); and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. It may be, on further refinement of the issues and close scrutiny by the transferee judge, that some claims or actions can be remanded in advance of the other actions in the transferee district. But we are unwilling, on the basis of the record before us, to make such a determination at this time. Should the transferee judge deem remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. See Rule 11, R.P.J.P.M.L., 89 F.R.D. 273, 280-82 (1981). Finally, we note that since a Section 1407 transfer is for pretrial proceedings only, there is usually no need for the parties and witnesses to travel to the transferee district for depositions or otherwise. See, e.g., Fed.R.Civ.P. 45(d)(2). Furthermore, the judicious use of liaison counsel, lead counsel and steering committees will eliminate the need for most counsel ever to travel to the transferee district. See Manual for Complex Litigation, Second, §20.22 (1985). And it is most logical to assume that prudent counsel will combine their forces and apportion their workload in order to streamline the efforts of the parties and witnesses, their counsel and the judiciary, thereby effectuating an overall savings of cost and a minimum of inconvenience to all concerned. See In re Nissan Motor Corporation Antitrust Litigation, 385 F.Supp. 1253, 1255 (J.P.M.L. 1974).

We conclude that, of the districts in which constituent actions are pending, the Eastern District of Pennsylvania is the most appropriate transferee forum for this litigation. We note that two of the purported class actions are pending there, and the judge assigned to those actions has gained a familiarity with the issues in this litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A and pending in districts other than the Eastern District of Pennsylvania be, and the same hereby are, transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Clifford Scott Green for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

FOR THE PANEL:

Andrew A. Caffrey
Chairman

SCHEDULE A

MDL-685 -- In re Montgomery Ward Catalog Sales Agencies
                    Litigation

### Western District of Arkansas

Dale Norton, et al. v. Montgomery Ward and Co., Inc., C.A.
    No. 85-3099

### Northern District of California

David K. Pitcher, et al. v. Montgomery Ward & Co., Inc., C.A.
    No. C-85-6615-SAW
Duane Smith, et al. v. Montgomery Ward & Co., Inc., et al.,
    C.A. No. C-85-7038-MHP
Frank E. Alvernaz, Sr., et al. v. Montgomery Ward & Co.,
    Inc., et al., C.A. No. C-85-8714-SW

### Eastern District of Michigan

Gerald Bodamer, et al. v. Montgomery Ward & Co., Inc., et
    al., C.A. No. 85-CV-4243-DT

### District of Montana

Ira C. Watteyne, et al. v. Montgomery Ward & Co., Inc., C.A.
    No. CV-85-253-M

### District of Nebraska

Sherri Fuss v. Montgomery Ward & Co., Inc., et al., C.A. No.
    CV-85-O-1070

### District of New Jersey

Robert F. Quaranta, et al. v. Montgomery Ward & Co., Inc., et
    al., C.A. No. 85-5276-HA

### Western District of New York

Donald E. Jeffries, et al. v. Montgomery Ward & Co., Inc., et
    al., C.A. No. CIV-85-1387-E

### Western District of Oklahoma

Jack Garner, et al. v. Montgomery Ward & Co., Inc., et al.,
    C.A. No. CIV-85-2365-BT

### Eastern District of Washington

Norbert A. Schwahn, et al. v. Montgomery Ward & Co., Inc.,
    C.A. No. C-85-896-AAM

### Eastern District of Wisconsin

Lester Osenga, et al. v. Montgomery Ward & Co., Inc., C.A.
    No. 85-C-1411

### Eastern District of Pennsylvania

Harold Balsinger, et al. v. Montgomery Ward & Co., Inc., et
    al., C.A. No. 85-5094
Joseph A. Pena, et al. v. Montgomery Ward & Co., Inc., et
    al., C.A. No. 85-5951